NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3280

_____

UNITED STATES OF AMERICA

v.

JAMAL GWALTNEY,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:21-cr-00180-001)
District Judge: Honorable Christopher C. Conner

_____

Submitted under Third Circuit LAR 34.1(a)
on November 5, 2025

Before: PHIPPS, ROTH and RENDELL, *Circuit Judges*

(Opinion filed: August 5, 2026)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, *Circuit Judge*

Jamal Gwaltney pleaded guilty to one count of robbery involving controlled substances in violation of 18 U.S.C. § 2118(a), and one count of possession of a firearm in furtherance of robbery involving controlled substances in violation of 18 U.S.C. § 924(c). The District Court sentenced him to 204 months' imprisonment. Gwaltney now appeals his sentence, arguing that the District Court erred by imposing a four-level enhancement under U.S.S.G. § 2B3.1(b)(4)(A). He also challenges his sentence as procedurally and substantively unreasonable. We will affirm the judgment of sentence.

**I.**[1]

On the evening of December 21, 2020, Gwaltney entered a Rite Aid in Shrewsbury, Pennsylvania, pointed a gun at two cashiers behind the store's front counter, forced them to move toward the pharmacy area at the other end of the store, and made them lie face down on the ground once there. Gwaltney then ordered the pharmacist to open the pharmacy's safe and fill a bag with Oxycodone and other medications from the pharmacy's shelves. He ultimately fled through the store's front door after he was unable to open the rear door.[2]

The Shrewsbury robbery was one of several pharmacy robberies committed in New Jersey, Pennsylvania, Delaware, and Maryland between November 2019 and

---

[1] We write primarily for the parties, so we recite only the facts essential to our decision.
[2] The government contends that Gwaltney forced the pharmacist to the store's rear door before discovering the employee could not open it. Gwaltney denies forcing the pharmacist to the back door with him. Because the parties' factual dispute does not resolve the issues before us, we need not resolve it.

December 2020.  Gwaltney and five co-conspirators were charged with multiple offenses related to the robberies.[3]  After Gwaltney pleaded guilty, the District Court sentenced him to 120 months' imprisonment on the robbery count, plus a consecutive 84-month term on the firearm charge, for an aggregate sentence of 204 months.  The District Court rejected the government's request for an upward departure but assessed a 49-month upward variance pursuant to the factors set forth in 18 U.S.C. § 3553(a).  In calculating the advisory Guidelines range for the robbery count, the court applied a four-level enhancement under U.S.S.G. § 2B3.1(b)(4)(A) based on Gwaltney's movement of the Rite Aid employees during the robbery.

## II.[4]

On appeal, Gwaltney first challenges the factual findings underlying the District Court's application of the abduction enhancement to his sentence because, in his view, he did not force the robbery victims to move to a new location.  Section 2B3.1(b)(4)(A) of the Sentencing Guidelines provides for a four-level enhancement in robbery offenses during which "any person was abducted to facilitate commission of the offense or to facilitate escape."[5]  We exercise plenary review over the district court's legal

---

[3] The government charged Gwaltney with Conspiracy to Commit Robbery Involving Controlled Substances in violation of 18 U.S.C. § 2118(d) (Count 1); Robbery Involving Controlled Substances in violation of 18 U.S.C. § 2118(a) (Counts 2, 3, and 5); Possession of Firearm in Furtherance of Robbery Involving Controlled Substances in violation of 18 U.S.C. § 924(c) (Counts 4 and 6); and Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) (Count 7).  Counts 1-4 and Count 7 were dismissed pursuant to Gwaltney's plea agreement.

[4] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[5] U.S.S.G. § 2B3.1(b)(4).

interpretation of the Sentencing Guidelines, but review its supporting factual findings for clear error.[6] With regard to applying the abduction enhancement, we leave "the degree of distance or definition of location . . . to the sound discretion of the District Court."[7]

In *United States v. Reyno*s, we held that the District Court did not err by applying the abduction enhancement to defendants who, while robbing a pizza store, forced employees to move thirty-four feet from the bathroom area to the cash register to further the robbery.[8] *Reynos* set forth three predicate conditions for an abduction:

> *First*, the robbery victims must be forced to move from their original position; such force being sufficient to permit a reasonable person an inference that he or she is not at liberty to refuse. *Second*, the victims must accompany the offender to that new location. *Third*, the relocation of the robbery victims must have been to further either the commission of the crime or the offender's escape.[9]

Applying those predicates here, the District Court did not clearly err in imposing the enhancement. Surveillance footage shows Gwaltney forcing the cashiers at gunpoint from behind the store's front counter to the opposite end of the store. Although the pharmacy was located within the same building, the court reasonably viewed it as a distinct location. Indeed, the court explained that the distance traveled by the victims "significantly exceed[ed] the distance of the victims in *Reynos*," and "include[d] the movement of more than one victim across [a] physical barrier, namely, the store's front counter."[10] The court was thorough in making its findings, having "carefully" reviewed

---

[6] *United States v. Reynos*, 680 F.3d 283, 286 (3d Cir. 2012).
[7] *Id.* at 287.
[8] *Id.* at 290–91.
[9] *Id.* at 286–87 (emphases added).
[10] Appx 24.

4

the videos of the incident.[11]  We accordingly discern no error in the District Court's determination.

Next, Gwaltney contends that his 204-month sentence is procedurally and substantively unreasonable.  He argues the District Court provided insufficient reasoning for varying upward, effectively "double-counted" his criminal history, and improperly considered the leadership enhancement under U.S.S.G. § 3B1.1.  We disagree.

We ordinarily review the procedural and substantive reasonableness of a sentence for abuse of discretion.[12]  But because Gwaltney did not preserve his procedural objections after the sentence was pronounced, we review those claims for plain error.[13]  "Absent significant procedural error, 'we will affirm the sentence as substantively reasonable unless no reasonable sentencing court would have imposed the same sentence on the particular defendant for the reasons the district court provided.'"[14]

Here, the District Court properly calculated the appropriate Guidelines range, considered and rejected the government's request for an upward departure, and expressly considered the § 3553(a) factors.  In imposing the upward variance, the court emphasized the seriousness of Gwaltney's offenses, the terror inflicted on the victims, Gwaltney's extensive criminal history, and his participation in a series of similar pharmacy

---

[11] Appx 14.

[12] *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

[13] *See United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc) ("[W]e now hold that a defendant must raise any procedural objection to his sentence at the time the procedural error is made . . . .").

[14] *United States v. Douglas*, 885 F.3d 145, 150 (3d Cir. 2018) (quoting *Tomko*, 562 F.3d at 568) (cleaned up).

5

robberies.[15]  Nor does the court's isolated remark that Gwaltney was "clearly in a leadership role in the conspiracy" show procedural error.[16]  The court did not apply a leadership enhancement under § 3B1.1 to Gwaltney's sentence, and its reference to Gwaltney's leadership was brief, forming only one part of a broader sentencing analysis that focused on numerous aggravating circumstances independently supporting the variance.

Gwaltney's substantive challenge fares no better.  The District Court properly grounded its decision in factors it was entitled to consider under § 3553(a), provided a well-reasoned explanation for varying upward, and imposed a sentence below the one requested by the government.  We therefore conclude that Gwaltney's sentence is procedurally and substantively reasonable.

## III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

[15] *See also Tomko*, 562 F.3d at 571 (upholding a variance where the district court considered the defendant's criminal history).

[16] Appx 40.